JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Emmanuel Manolakas ("Manolakas"), appeals his conviction. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2004, Manolakas was charged with two counts of gross sexual imposition and one count of kidnapping. The matter proceeded to a trial before the bench. The trial court convicted Manolakas of two counts of the lesser included offense of sexual imposition and acquitted him of kidnapping. Manolakas was sentenced to one year of probation and found to be a sexually oriented offender.[1]
 {¶ 3} The following facts were adduced at trial. In July 2004, seventeen-year-old cousins S.Y. and L.P. went to a Parma restaurant to apply for waitressing jobs.[2] During their interview, the owner, Manolakas, asked both victims if they had boyfriends, commented on their pierced tongues, and asked them about oral sex. He asked S.Y. whether L.P. would "date" him and told both victims not to be offended if he patted them on their buttocks, as he did with his other waitresses. Despite the uncomfortable interview, both victims agreed to work at the restaurant.
 {¶ 4} Although both victims worked at the restaurant for only a few weeks, they described several instances when Manolakas made inappropriate sexual comments. S.Y. testified that Manolakas also tried to kiss her and she refused. Manolakas grabbed her head to kiss her, but she turned, and he kissed her cheek. Both L.P. and S.Y. described an incident where Manolakas approached S.Y., asked her if she had stretch marks on her breasts, stuck his hand down her shirt, and fondled her breast.
 {¶ 5} L.P. testified that on that same day Manolakas summoned her to his office and asked her to kiss him. L.P. refused, but Manolakas persisted. He closed his office door and grabbed her buttocks. He "begged" her to kiss him and finally she relented. He kissed her and then, without warning, he put his hand inside her shirt and touched her breast. L.P. also testified that he gave her a bottle of rum and told her not to tell anyone what happened.
 {¶ 6} Shortly thereafter, the victims quit their jobs and told their parents what had happened. Their parents then took the victims to the police, where they made written statements. The police tape-recorded a phone conversation between L.P. and Manolakas wherein she tried to elicit his admission to touching the victims; however, he denied any inappropriate behavior. The police subsequently interviewed Manolakas, who denied ever touching the victims or speaking to them in an inappropriate manner.
 {¶ 7} Manolakas appeals his conviction, raising one assignment of error, in which he argues that the trial court erred in finding him guilty of sexual imposition.
 {¶ 8} Manolakas correctly asserts that the law prohibits a conviction for sexual imposition upon the uncorroborated testimony of the victim. R.C. 2907.06, which prohibits sexual imposition, provides in pertinent part that:
"(A) No person shall have sexual contact with another, not thespouse of the offender; cause another, not the spouse of theoffender, to have sexual contact with the offender; or cause twoor more other persons to have sexual contact when any of thefollowing applies:
 (1) The offender knows that the sexual contact is offensive tothe other person, or one of the other persons, or is reckless inthat regard."
 {¶ 9} R.C. 2907.06(B) provides that "no person shall be convicted of [sexual imposition] solely upon the victim's testimony unsupported by other evidence."
 {¶ 10} In State v. Economo, 76 Ohio St.3d 56,1996-Ohio-426, 666 N.E.2d 225, the Ohio Supreme Court determined:
"[T]he corroborating evidence necessary to satisfy R.C.2907.06(B) need not be independently sufficient to convict theaccused, and it need not go to every essential element of thecrime charged." Slight circumstances or evidence which tends tosupport the victim's testimony is satisfactory. The corroborationrequirement of R.C. 2907.06(B) is a threshold inquiry of legalsufficiency to be determined by the trial judge, not a questionof proof, which is the province of the factfinder."
 {¶ 11} Corroborating evidence does not necessarily have to be in the form of eyewitness testimony. Corroborating evidence is that which supplements evidence that has already been given and which tends to strengthen or confirm it. Lazovic v. State AutoIns. Co. (July 9, 1998), Cuyahoga App. No. 72968, quoting Black's Law Dictionary (6th Ed. 1990), 344. Corroborating evidence "is additional evidence, of a different character, to the same point." Id. The requirement set forth in Economo is "slight circumstances or evidence which tends to support the victim's testimony." This is an easily met burden.
 {¶ 12} Manolakas asserts that his case is particularly problematic because the court determined both the threshold issue and the factual issues. We remind Manolakas that he chose to waive a jury trial, and because he is not asserting ineffective assistance of counsel, we find that his jury waiver precludes him from now arguing that we should more strictly scrutinize the actions of the trial court which conducted the bench trial.
 {¶ 13} We find that, pursuant to Economo, supra, there was sufficient corroboration to sustain the conviction. It is uncontested that both victims worked for Manolakas for a short time. Manolakas admitted that he asked both victims if they had boyfriends and commented on their tongue rings. He also conceded that he found both victims attractive. Even the uncontested facts support the corroboration requirement.
 {¶ 14} Further corroboration exists within the witness testimony. S.Y. testified that she heard Manolakas ask L.P. if she gave oral sex. S.Y. also testified that on one occasion she saw Manolakas grab L.P.'s head, comment about oral sex, and push her head toward his penis. L.P. witnessed the incident where Manolakas asked S.Y. if her breasts had stretch marks and saw S.Y. push his hand away from her breasts.
 {¶ 15} Detective Ciryak testified that he interviewed both victims and took their written statements. He further testified that the written statements were consistent with each other.[3] Det. Ciryak testified that Manolakas, although denying the allegations, agreed to "admit" to the crimes if they did not go on his "permanent record."
 {¶ 16} Each victim corroborated the other's version of the sexually offensive work environment that Manolakas created at his restaurant. We find that there was sufficient "other evidence" and that the legal threshold is easily met in this case.
 {¶ 17} Therefore, the first assignment of error is overruled.
 {¶ 18} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed. The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
Kilbane, J. and Blackmon, J. concur.
[1] See R.C. 2950.01(D)(1)(b)(i).
[2] The victims in this case are identified by their initials to protect their identity as victims of a sexual offense and because they were juveniles at the time the crimes were committed.
[3] A review of the record shows only minor inconsistencies in the testimony and the statements, which could be attributed to the victims' ages and the time that elapsed between their written statements and trial. Moreover, any inconsistencies go toward the question of proof, which is different from the legal issue of corroboration. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.