[Cite as *State v. Urconis*, 2017-Ohio-8515.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 16AP0061 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEWIS E. URCONIS | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2016 CRC-I 000167 |

DECISION AND JOURNAL ENTRY

Dated: November 13, 2017

CALLAHAN, Judge.

{¶1} Appellant, Lewis Eugene Urconis, appeals his sentence from the Wayne County Court of Common Pleas. For the reasons set forth below, this Court affirms.

I.

{¶2} After a jury trial, Mr. Urconis was sentenced to concurrent prison sentences for counts of aggravated robbery, kidnapping, and having weapons under disability. The trial court imposed consecutive sentences for the firearm specifications attached to the aggravated robbery and kidnapping counts. Mr. Urconis appeals, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT FAILED TO MAKE THE FINDINGS NECESSARY TO IMPOSE CONSECUTIVE SENTENCES UPON [MR. URCONIS].

{¶3} Mr. Urconis was convicted after a jury trial of aggravated robbery, kidnapping, abduction, and having weapons while under disability. He was also found guilty of the firearm

specifications (R.C. 2941.145(A)) attached to the aggravated robbery, kidnapping, and abduction charges. The trial court merged the abduction and its attendant firearm specification into the kidnapping and did not impose a sentence for the abduction or its firearm specification. Mr. Urconis was sentenced to thirteen-years as follows: seven years for aggravated robbery and three years for its firearm specification; seven years for kidnapping and three years for its firearm specification; eighteen months for having weapons while under disability. The trial court ordered that the sentences for the aggravated robbery, kidnapping, and having weapons under disability be served concurrently and ordered that the sentences for the two firearm specifications be served consecutively to each other and to the sentences imposed for the underlying offenses. Mr. Urconis now appeals the consecutive portion of his sentence.[1]

{¶4}    In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that [1] the record does not support the trial court's findings under relevant statutes or that [2] the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶5}    Initially, this Court notes that Mr. Urconis does not argue that the sentences for the firearm specifications were subject to merger, but limits his argument to the trial court's

---

[1] In his appellate brief, Mr. Urconis refers to a separate case in which a six-month prison sentence was imposed consecutively to the sentence in the instant case. However, he does not challenge that case in this appeal.

failure to make findings under R.C. 2929.14(C)(4). As such, this Court will limit its analysis to that issue.

{¶6} R.C. 2929.14(C)(4) provides, in part, that "[i]f multiple prison terms are imposed on an offender for convictions of multiple *offenses*, the court *may* require the offender to serve the prison terms consecutively if the court" makes certain specific findings. (Emphasis added.) Hence, this statute applies to criminal offenses for which imposition of a consecutive prison sentence is discretionary.

A firearm specification is not an "offense"

{¶7} It is well settled that a firearm specification does not charge a separate criminal offense. *State v. Allen,* 9th Dist. Summit No. 12161, 1986 Ohio App. LEXIS 6296, *6 (Apr. 2, 1986); *State v. Ford*, 5th Dist. Licking No. 2008 CA 158, 2009-Ohio-6724, ¶ 54; *State v. Vasquez*, 18 Ohio App.3d 92, 95 (6th Dist.1984); *State v. Turner*, 8th Dist. Cuyahoga No. 52145, 1987 Ohio App. LEXIS 7471, *5 (June 11, 1987); *State v. Wiffen*, 11th Dist. Trumbull No. 3560, 1986 WL 9989, *5 (Sept. 12, 1986); *State v. Price*, 24 Ohio App.3d 186, 188 (8th Dist.1985); *State v. Jennings*, 10th Dist. Franklin No. 09AP-70, 09AP-75, 2009-Ohio-6840, ¶ 38; *State v. Noor,* 10th Dist. Franklin No. 13AP-165, 2014-Ohio-3397, ¶ 51, fn. 2. The firearm specification "*only* comes into play *once* a defendant is convicted of a felony as set forth in the statute." (Emphasis sic.) *Price* at 188. The firearm specification is a sentencing provision that provides for an enhanced penalty when a specific factual finding is made. *Vasquez* at 95; *Turner* at *6.

A sentence for a firearm specification is not discretionary

{¶8} R.C. 2929.14(B)(1)(a)(ii) provides that "if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type

described in [R.C] 2941.145 * * *, the court shall impose on the offender * * * [a] prison term of three years."

{¶9}  R.C. 2929.14(C)(1)(a)  further provides,

> if a mandatory prison term is imposed upon an offender * * * for having a firearm on or about the offender's person or under the offender's control while committing a felony, * * * the offender *shall* serve any mandatory prison term imposed * * * consecutively to any other mandatory prison term imposed * * *, consecutively to and prior to any prison term imposed for the underlying felony * * *, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

(Emphasis added.)

{¶10}  Here, the mandatory consecutive sentences for the two firearm specifications were not contrary to law.  Rather, the trial court was required to impose the sentences as it did. "'[T]he mandatory requirement to order consecutive service of certain specifications under R.C. 2929.14(B)(1)(g) supersedes the findings required by R.C. 2929.14(C)(4).'" *State v. Nitsche*, 8th Dist. Cuyahoga No. 103174, 2016-Ohio-3170, ¶ 54, quoting *State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987, ¶ 46; *see State v. Young*, 8th Dist. Cuyahoga No. 102202, 2015-Ohio-2862, ¶ 10.  Mr. Urconis' assignment of error is overruled.

## III.

{¶11} Ms. Urconis' assignment of error is overruled.  The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MATTHEW J. MALONE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.