[Cite as *State v. Jackson*, 2020-Ohio-80.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-180159 |
| | | C-180209 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1704100 |
| vs. | : | *O P I N I O N.* |
| JASERE JACKSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:   Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: January 15, 2020

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Alex Scott Havlin,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}     Defendant-appellant Jasere Jackson appeals his convictions for five counts of aggravated robbery.  In four assignments of error, Jackson argues that it was error to transfer jurisdiction of his case from the Hamilton County Juvenile Court to the court of common pleas, that the trial court erred in the imposition of sentence, that he was denied the effective assistance of counsel, and that the trial court erred by failing to award him the correct amount of jail-time credit.

{¶2}     The state concedes that the trial court did not correctly determine the amount of jail-time credit to which Jackson is entitled.  We accordingly remand the case for the trial court to calculate and award Jackson the appropriate amount of jail-time credit, but otherwise affirm the trial court's judgment.

### *Factual and Procedural Background*

{¶3}     Between March 8, 2016, and January 31, 2017, various complaints were filed in the Hamilton County Juvenile Court alleging that Jackson had committed acts which, if committed by an adult, would have constituted the offense of trafficking in marijuana, a felony of the fifth degree, and five separate offenses of aggravated robbery, all felonies of the first degree.  Each complaint for aggravated robbery contained two firearm specifications.  The aggravated-robbery offenses were subject to a mandatory bindover, while the trafficking-in-marijuana offense was subject to a discretionary bindover.

{¶4}     The state filed a motion for relinquishment of jurisdiction for all offenses.  On April 26, 2017, the juvenile court issued an entry finding probable cause that Jackson had committed the aggravated-robbery offenses.  The entry

acknowledged that Jackson had waived a hearing on probable cause, and that both the state and Jackson had stipulated to probable cause.

{¶5} The juvenile court issued another entry pertaining to all offenses on July 12, 2017, finding probable cause that Jackson had committed the charged offenses of trafficking in marijuana and aggravated robbery. The entry stated that Jackson had waived both a hearing on probable cause and an amenability hearing, and that the waiver was made knowingly, voluntarily and intelligently. And although it was not necessary for the aggravated-robbery offenses (because they involved a mandatory bindover), the juvenile court weighed the statutory factors for and against a transfer of jurisdiction and found that Jackson was not amendable to rehabilitation within the juvenile system. The juvenile court ordered transfer of Jackson's case to adult court for criminal prosecution.

{¶6} Jackson was indicted in the Hamilton County Court of Common Pleas on five counts of aggravated robbery, each with two accompanying firearm specifications, five counts of robbery, and one count of trafficking in marijuana. He pled guilty to five counts of aggravated robbery, each with an accompanying firearm specification. All remaining counts and specifications were dismissed.

{¶7} The state and Jackson asked the trial court to impose an agreed sentence of eight years in prison. The trial court accepted the agreed recommended sentence. It sentenced Jackson to six years in prison for each count of aggravated robbery, to be served concurrently. It further imposed a one year prison term for two of the firearm specifications. These specifications were to be served consecutively to each other and to the six years for the underlying offenses. All other specifications were merged for sentencing purposes, resulting in an aggregate sentence of eight years in prison. The trial court awarded Jackson 223 days of jail-time credit.

***Transfer of Jurisdiction***

{¶8} In his first assignment of error, Jackson argues that the juvenile court erred by transferring jurisdiction of his case to the court of common pleas.

{¶9} While the juvenile court has exclusive jurisdiction over complaints alleging that a juvenile is delinquent for committing offenses that would be crimes if committed by an adult, R.C. 2152.10 provides for the mandatory transfer of certain cases to adult court for criminal prosecution. *State v. Cockrell*, 2016-Ohio-5797, 70 N.E.3d 1168, ¶ 7 (1st Dist.). One circumstance in which the juvenile court must transfer jurisdiction of a case to adult court is where the juvenile has committed a category two offense, was 16 years of age or older at the time of the offense, and either of the following apply:

> (a) The child previously was adjudicated a delinquent child for committing an act that is a category one or a category two offense and was committed to the legal custody of the department of youth services on the basis of that adjudication[; or]
>
> (b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.

R.C. 2152.10(A)(2).

{¶10} The aggravated-robbery offenses that Jackson was convicted of were subject to mandatory transfer under this statute. Jackson was 17 years old at the time that the offenses were committed. The offense of aggravated robbery is a category two offense. *Cockrell* at ¶ 7; R.C. 2152.02(BB)(1). And the complaints filed in juvenile court alleged that Jackson had a firearm on or about his person or under

his control while committing the offenses, and that he displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used the firearm to facilitate the offense.

{**¶11**} To transfer a case to adult court pursuant to this mandatory-transfer provision, the juvenile court must find probable cause that the juvenile has committed a qualifying offense. *Cockrell* at ¶ 8. In reviewing a juvenile court's probable-cause determination, we employ a mixed standard of review. We must defer to the juvenile court's findings regarding witness credibility, but we review de novo the court's legal conclusion that the state presented sufficient evidence to demonstrate probable cause that the juvenile committed the charged offenses. *Id.* at ¶ 9; *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 51.

{**¶12**} Here, Jackson twice waived a probable-cause hearing and stipulated to the existence of probable cause that he had committed the charged offenses. With respect to the waiver and stipulation that occurred on July 12, 2017, the juvenile court specifically found that the waiver was made knowingly, voluntarily, and intelligently. Jackson does not argue otherwise. Under these circumstances, the juvenile court did not err in relinquishing jurisdiction and transferring the aggravated-robbery offenses to adult court for criminal prosecution. *See State v. J.T.S.*, 10th Dist. Franklin No. 14AP-516, 2015-Ohio-1103, ¶ 33 (where the juvenile's waiver of a probable-cause hearing and stipulation of probable cause was knowing, intelligent, and voluntary, the juvenile court did not err in accepting the stipulation and transferring the case to adult court); *State v. Talbott*, 7th Dist. Mahoning No. 07 MA 225, 2008-Ohio-6300, ¶ 27 (transfer from juvenile court to adult court was proper where the juvenile knowingly and voluntarily agreed to waive the probable-cause hearing and stipulated to probable cause); *State v. Pruitt*, 11th Dist. Trumbull No. 2001-T-0121, 2002-Ohio-7164, ¶ 49 (the juvenile's waiver of the preliminary bindover hearing was essentially a stipulation that there was probable cause).

5

{¶13} Jackson further argues under this assignment of error that Ohio's mandatory-transfer scheme set forth in R.C. 2152.10 and 2152.12 violates his rights to procedural and substantive due process and that an amenability hearing should be required in every case before a transfer of jurisdiction to adult court. But as Jackson concedes, the Ohio Supreme Court recently considered and rejected these same arguments in *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883.

{¶14} We hold that the juvenile court did not err in transferring jurisdiction of Jackson's case to adult court, and we overrule the first assignment of error.

### *Sentencing*

{¶15} In his second assignment of error, Jackson argues that the trial court erred as a matter of law by imposing an improper sentence.

{¶16} As set forth above, the trial court imposed an agreed sentence of eight years in prison that had been jointly recommended by Jackson and the state. Pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." We thus have no jurisdiction to review the sentence unless it was "not authorized by law."

{¶17} While acknowledging that the trial court imposed a jointly-recommended sentence, Jackson argues that the trial court imposed consecutive sentences without making the necessary findings, and consequently that the aggregate sentence imposed was not authorized by law and is subject to appellate review under R.C. 2953.08. Jackson's argument is without merit.

{¶18} R.C. 2953.08(D)(1) bars appeal of agreed sentences that include non-mandatory consecutive sentences, even if the trial court does not make findings

under R.C. 2929.14(C)(4). *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 29. Such a sentence is "authorized by law." *Id.*

{¶19} The nonreviewable nature of the sentence is even stronger here where the agreed sentence included mandatory consecutive sentences for the firearm specifications. The consecutive portion of the agreed sentence is not only authorized by law, it is mandated.

{¶20} Even if the agreed sentence is reviewable, the trial court was not required to make consecutive-sentencing findings pursuant to R.C. 2929.14(C) in this case. The trial court was required to impose a sentence for at least two of the firearm specifications that Jackson was convicted of pursuant to R.C. 2929.14(B)(1)(g), and it was required to make those sentences consecutive to each other and to the sentences imposed for aggravated robbery pursuant to R.C. 2929.14(C)(1)(a). *See State v. Pompey*, 1st Dist. Hamilton No. C-150479, 2016-Ohio-4610, ¶ 7. Where the imposition of consecutive sentences is mandatory, the trial court is not required to make consecutive-sentencing findings. *See State v. James*, 2015-Ohio-4987, 53 N.E.3d 770, ¶ 46 (8th Dist.).

{¶21} Jackson further argues that the trial court failed to inform him of the following at sentencing: that he would be required to submit to DNA testing as a result of his felony convictions; that he had the right to earn jail-time credit; and that, pursuant to R.C. 2929.19(B)(2)(f), he would be required to submit to random drug testing while incarcerated and should not ingest or be injected with a drug of abuse. But as Jackson concedes, we have previously considered and rejected these arguments. *See State v. Taylor*, 1st Dist. Hamilton No. C-150488, 2016-Ohio-4548.

{¶22} The jointly-recommended agreed sentence imposed by the trial court was authorized by law and is not subject to appellate review. We accordingly overrule Jackson's second assignment of error.

***Ineffective Assistance***

{¶23} In his third assignment of error, Jackson argues that he received ineffective assistance from his trial counsel. He specifically argues that counsel was ineffective for stipulating to probable cause and waiving the probable-cause and amenability hearings during the bindover process. He argues that counsel's deficiencies prevented a proper record from being made for this court to determine whether a transfer of jurisdiction to adult court was proper.

{¶24} We only consider Jackson's arguments concerning counsel's stipulation to probable cause and waiver of the probable-cause hearing, as Jackson was convicted of offenses that were subject to a mandatory transfer of jurisdiction and the juvenile court was not required to conduct an amenability hearing.

{¶25} Counsel will not be considered ineffective unless her or his performance was deficient and caused actual prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Counsel's performance will only be deemed deficient if it fell below an objective standard of reasonableness. *Strickland* at 688; *Bradley* at 142. A defendant is only prejudiced by counsel's performance if there is a reasonable probability that the outcome of the proceeding would have been different but for the deficient performance. *Strickland* at 694; *Bradley* at 142. A reviewing court must indulge a presumption that counsel's behavior fell within the acceptable range of reasonable professional assistance. *Strickland* at 689; *Bradley* at 142.

{¶26} Even if counsel could be considered deficient for stipulating to probable cause and waiving the probable-cause hearing, Jackson suffered no resulting prejudice because the record contains no indication that the state lacked sufficient evidence to prove his guilt or that the juvenile court would not have found

probable cause that Jackson had committed the charged offenses. After his case was transferred to adult court, Jackson was indicted on five counts of aggravated robbery with accompanying weapon specifications, to which he ultimately pled guilty. In *J.T.S*, 10th Dist. Franklin No. 14AP-516, 2015-Ohio-1103, at ¶ 52, the Tenth District considered a similar argument and found that counsel was not ineffective for allowing the defendant to stipulate to probable cause in a bindover proceeding. The court held that "given the operative facts of the case as recited by the prosecutor, there is nothing in the record to suggest that a hearing would have yielded a different result." *Id.*; *see Pruitt*, 11th Dist. Trumbull No. 2001-T-0121, 2002-Ohio-7164, at ¶ 60 ("Even if defense counsel had not waived the preliminary bindover hearing and the state was required to produce evidence of probable cause, there is no indication that the state's evidence would fall short concerning appellant's alleged role in the crime.").

{¶27} Jackson suffered no prejudice from counsel's stipulation to probable cause and waiver of the probable-cause hearing. We hold that counsel did not render ineffective assistance, and overrule the third assignment of error.

### *Jail-Time Credit*

{¶28} In his fourth assignment of error, Jackson argues that the trial court erred in failing to award him the correct amount of jail-time credit. He contends that the trial court failed to give him credit for time spent in a juvenile detention facility awaiting transfer to adult court.

{¶29} Relying on R.C. 2967.191(A), which provides, as relevant to this appeal, that the prison term of an offender shall be reduced by the total number of days the offender was confined in a juvenile facility, the state concedes the error.

**{¶30}** The trial court was required to calculate and include in the sentencing entry the appropriate amount of jail-time credit. *State v. Bowden*, 1st Dist. Hamilton No. C-140462, 2015-Ohio-3740, ¶ 17; former R.C. 2929.19(B)(2)(g).[1] It committed plain error by failing to award Jackson credit for time spent in a juvenile facility prior to his criminal indictment. *See Bowden* at ¶ 18. The fourth assignment of error is sustained.

### *Conclusion*

**{¶31}** We reverse the trial court's award of jail-time credit and remand this case for the trial court to calculate and award Jackson the appropriate amount of jail-time credit. The judgment of the trial court is otherwise affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

**MOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

---

[1] We apply the version of the statute in effect at the time that Jackson committed his offenses.