[Cite as *State v. Howard*, 2021-Ohio-4501.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29181 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-434 |
| | : | |
| JAMICHAEL L. HOWARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of December, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. No. 0076969, 10 North Ludlow Street, Suite 200, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Jamichael L. Howard, appeals from his resentencing in the Montgomery County Court of Common Pleas, during which the trial court imposed an additional three-year firearm specification under the authority of R.C. 2929.14(B)(1)(g). On August 20, 2021, Howard's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any meritorious claims to present on appeal.   On August 24, 2021, this court notified Howard that his counsel had found no meritorious claims to present on appeal and granted Howard 60 days to file a pro se brief assigning any errors for review. Howard, however, did not file a pro se brief.   After conducting an independent review of the record as required by *Anders*, we find that there are no issues with arguable merit for Howard to advance on appeal.   Therefore, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On January 11, 2019, a jury found Howard guilty of the following offenses that were related to the fatal shooting of Darius Hall and the non-fatal shooting of David Coleman.

Victim #1 Hall:

- Felony Murder (serious physical harm) - unclassified felony

- Felony Murder (deadly weapon) - unclassified felony

- Felonious Assault (serious physical harm) – F2

- Felonious Assault (deadly weapon) – F2

- Discharge of Firearm on or Near Prohibited Premises – F1

Victim #2 Coleman:

- Felonious Assault (serious physical harm) – F2

- Felonious Assault (deadly weapon) – F2

- Discharge of a Firearm on or Near Prohibited Premises – F1

{¶ 3} All of the felony murder and felonious assault offenses carried three-year firearm specifications under R.C. 2941.145 and five-year firearm specifications under R.C. 2941.146. The two offenses for discharging a firearm on or near a prohibited premises also carried three-year firearm specifications under R.C. 2941.145.

{¶ 4} When sentencing Howard for the offenses related to Hall, the trial court merged all of the felony murder offenses and the felonious assault offenses into one conviction and imposed a sentence of 15 years to life in prison. The trial court also imposed a concurrent sentence of eight years in prison for the offense of discharging a firearm on or near a prohibited premises.

{¶ 5} As to the offenses concerning Coleman, the trial court merged the two felonious assault offenses and imposed a sentence of eight years in prison. The trial court ordered the eight-year sentence to run consecutively to the 15-year-to-life sentence that was imposed for the offenses related to Hall. The trial court also imposed a concurrent eight-year sentence for the offense of discharging a firearm on or near a prohibited premises as related to Coleman.

{¶ 6} The trial court merged all of the three-year firearm specifications together and all of the five-year firearm specifications together. As a result, the trial court imposed only one three-year firearm specification and one five-year firearm specification to be served consecutively to each other and prior and consecutively to the prison terms

imposed for Howard's offenses.   Therefore, the trial court sentenced Howard to a total, aggregate term of 31 years to life in prison (3 years + 5 years + 15 years to life + 8 years).

{¶ 7} On February 27, 2019, Howard timely appealed from his judgment of conviction and raised multiple assignments of error for this court to review.   On March 4, 2019, the State filed a cross-appeal arguing that the trial court erred by merging all of the three-year firearm specifications together.   After reviewing the matter, we agreed with the State and explained that while " '[u]nder R.C. 2929.14(B)(1)(b), a trial court ordinarily may not impose more than one prison term for firearm specifications for felonies that were committed as part of the same act or transaction[,] * * * R.C. 2929.14(B)(1)(g) creates an exception.' "   *State v. Howard*, 156 N.E.3d 433, 2020-Ohio-3819, ¶ 91 (2d Dist.), quoting *State v. Boyd*, 2d Dist. Clark No. 2018-CA-68, 2019-Ohio-1902, ¶ 31.   We then explained that the exception in R.C. 2929.14(B)(1)(g) provides the following:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court ***shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty*** and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

(Emphasis added.) R.C. 2929.14(B)(1)(g).

{¶ 8} Because Howard was convicted of two felonies listed under R.C. 2919.14(B)(1)(g), i.e., murder as to Hall and felonious assault as to Coleman, and because Howard was found guilty of a three-year firearm specification described under R.C. 2919.14(B)(1)(a) in connection with both of those offenses, we found that " 'pursuant to R.C. 2929.14(B)(1)(g), the trial court was statutorily required to impose separate sentences for two of the most serious firearm specifications * * * related to * * * murder and felonious assault.' "  *Howard* at ¶ 93, quoting *State v. Rosales*, 2d Dist. Montgomery No. 27117, 2018-Ohio-197, ¶ 28.

{¶ 9} We also noted that " '[w]hen firearm specifications under both R.C. 2941.145 and R.C. 2941.146 accompany the same offense and are both found true, a court must impose a 3-year term under R.C. 2929.14[(B)(1)(a)(ii)] and a 5-year term under R.C. 2929.14[(B)(1)(c)].' "  *Id.* at ¶ 96, quoting *State v. Hudson*, 2d Dist. Montgomery No. 23328, 2010-Ohio-1622, ¶ 8, fn. 8.  Furthermore, the "imposition of a five-year sentence on a specification for discharging a firearm from a vehicle is mandatory under R.C. 2941.146, and thus does not fulfill R.C. 2929.14(B)(1)(g)'s requirements as to convictions for specifications under R.C. 2929.145."  *Id.* at ¶ 94.

{¶ 10} Based on the foregoing principles, this court found no issue with the trial court's merging all the five-year firearm specifications together and sentencing Howard to both a three- and five-year firearm specification.  There was an issue, however, with the trial court's not sentencing Howard to an additional three-year firearm specification as required by the exception in R.C. 2929.14(B)(1)(g).  Accordingly, we found the trial court erred as a matter of law by merging the three-year firearm specification attached to the

felonious assault on Coleman with the three-year firearm specification attached to the murder of Hall. In light of this error, we reversed the judgment of the trial court only as to the merger of the three-year firearm specifications and remanded the matter for the trial court to impose an additional three-year firearm specification as required by R.C. 2929.14(B)(1)(g). The judgment of the trial court was affirmed in all other respects. *See Howard*, 156 N.E.3d 433, 2020-Ohio-3819.

{¶ 11} On June 16, 2021, the trial court held a resentencing hearing and resentenced Howard to an additional three-year firearm specification as ordered by this court. The trial court ordered the additional three-year firearm specification to be served consecutively to the other two firearm specifications and prior and consecutively to the prison terms imposed for Howard's offenses. Therefore, Howard was resentenced to a total, aggregate term of 34 years to life in prison (3 years + 3 years + 5 years + 15 years to life + 8 years).

{¶ 12} Howard filed a timely appeal from the trial court's resentencing judgment. As previously discussed, Howard's appellate counsel filed an *Anders* brief asserting the absence of any meritorious claims to present on appeal. Howard's *Anders* brief raises one potential assignment of error for review.

**Standard of Review**

{¶ 13} Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we are charged with conducting an independent review of the record "to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are 'wholly frivolous.' " *State v. Marbury*, 2d Dist.

Montgomery No. 19226, 2003-Ohio-3242, ¶ 7, quoting *Anders* at 744. An issue is wholly frivolous if it lacks arguable merit, meaning that "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.* at ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. "An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *Id.* If we find that any issue—whether presented by appellate counsel, presented by the appellant, or found through an independent analysis—is not wholly frivolous, we must appoint different appellate counsel to represent the appellant. *Id.* at ¶ 7, citing *Pullen*.

### Potential Assignment of Error

{¶ 14} As a potential assignment of error, Howard's appellate counsel suggests that the trial court erred by ordering the additional three-year firearm specification to be served consecutively to the other firearm specifications and prison terms without making the consecutive-sentence findings required by R.C. 2929.14(C)(4). This claim, however, lacks arguable merit.

{¶ 15} R.C. 2929.14(C)(4) applies to "multiple prison terms [that] are imposed on an offender for convictions of multiple **offenses**[.]" (Emphasis added.) R.C. 2929.14(C)(4). "A [firearm] specification is a sentencing enhancement, not a separate criminal offense." *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 55 (8th Dist.); *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16-17. "Thus, '[b]y its own terms, R.C. 2929.14(C)(4) does not apply to penalty enhancing specifications.' "

*Nitsche* at ¶ 55, quoting *State v. James*, 2015-Ohio-4987, 53 N.E.3d 770, ¶ 47 (8th Dist.).

{¶ 16} Furthermore, "the trial court was mandated by R.C. 2929.14(B)(1)(g) to impose sentences 'for each of the two most serious specifications of which the offender is convicted,' i.e., two of the three-year firearm specifications, consecutively." (Citations omitted.) *Id.* at ¶ 54. "[A]lthough the General Assembly did not include the word 'consecutive' in R.C. 2929.14(B)(1)(g), it did, in fact, create an exception to the general rule that a trial court may not impose multiple firearm specifications for crimes committed as part of the same transaction." *State v. Young*, 8th Dist. Cuyahoga No. 102202, 2015-Ohio-2862, ¶ 9. The Twelfth District Court of Appeals has explained that:

> The mandatory language of the statute ('the court shall impose') also indicates the General Assembly's intention that the defendant serve multiple sentences for firearm specifications associated with the enumerated crimes * * *. Had the legislature intended a *per se* rule that sentences for firearm specifications must be served concurrent with one another, it could have stated as much. Or, the legislature could have chosen not to codify R.C. 2929.14(B)(1)(g), which serves as an exception to the rule that multiple firearm specifications must be merged for purposes of sentencing when the predicate offenses were committed as a single criminal transaction.

(Emphasis sic.) *State v. Israel*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876, ¶ 73. *Accord State v. Vanderhorst,* 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785, ¶ 10-11; *Young* at ¶ 9; *Nitsche* at ¶ 53.

{¶ 17} "Because R.C. 2929.14(B)(1)(g) requires the imposition of consecutive

sentences for the firearm specifications, the trial court was not required to make R.C. 2929.14(C)(4) findings before imposing multiple, consecutive three-year sentences on the firearm specifications[.]" *Nitsche* at ¶ 54, citing *Young* at ¶ 10. It is well established that "the mandatory requirement to order consecutive service of certain specifications under R.C. 2929.14(B)(1)(g) supersedes the findings required by R.C. 2929.14(C)(4)." *James* at ¶ 46, citing *Young* at ¶ 10. *Accord Nitsche* at ¶ 54; *State v. Urconis*, 9th Dist. Wayne No. 16AP0061, 2017-Ohio-8515, ¶ 10; *State v. Jackson*, 1st Dist. Hamilton Nos. C-180159, C-180209, 2020-Ohio-80, ¶ 20.

{¶ 18} For the foregoing reasons, Howard's potential assignment of error lacks arguable merit for appeal.


**Conclusion**

{¶ 19} In addition to reviewing Howard's potential assignment of error, we have performed our duty under *Anders* to conduct an independent review of the record. After doing so, we find no basis on which to modify or vacate the narrow resentencing judgment at issue in this appeal. Because there are no issues with arguable merit for Howard to advance on appeal, the judgment of the trial court is affirmed.

. . . . . . . . . . . .


TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Brent E. Rambo
Jamichael L. Howard
Hon. Dennis J. Adkins